**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| BRUCE L. MATTHEWS, | : | Civil No. 07-2023 (RBK) |
|  | : |  |
| Plaintiff, | : |  |
|  | : |  |
| v. | : | **OPINION** |
|  | : |  |
| DEPTFORD POLICE DEPT., | : |  |
| et al., | : |  |
|  | : |  |
| Defendants. | : |  |

**APPEARANCES:**

    BRUCE L. MATTHEWS, Plaintiff Pro Se
    Bayside State Prison
    Leesburg, New Jersey  08327

**KUGLER**, District Judge

    BRUCE L. MATTHEWS, an inmate who is presently confined at Bayside State Prison, seeks to bring this action in forma pauperis pursuant to 28 U.S.C. § 1915.  This Court will grant Plaintiff's application to proceed in forma pauperis.  See 28 U.S.C. § 1915. Having thoroughly reviewed the Plaintiff's allegations, pursuant to the requirements of 28 U.S.C. § 1915(e)(e)(B), the Court will dismiss the Complaint without prejudice to the filing of an amended complaint.

## **BACKGROUND**

Plaintiff asserts violation of his constitutional rights arising from his arrest. However, "detailing" the circumstances of his arrest, Plaintiff (1) asserts only the following: "the defendant falsely accused [Plaintiff] and falsely arrested [Plaintiff]," and (2) repeats this accusation four times, without a word of elaboration.  See Compl. ¶¶ 5(b), (d), (e) and 8.  For relief, Plaintiff seeks compensatory and punitive damages.  See id. ¶ 9.

## **LEGAL STANDARD**

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.  The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  Id.

A pro se complaint is held to less stringent standards than formal pleadings drafted by lawyers.  See Haines v. Kerner, 404

U.S. 519, 520 (1972).  A claim is deemed frivolous only if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." <u>Neitzke v. Williams</u>, 490 U.S. 319, 328 (1989); <u>see also</u> <u>Roman v. Jeffes</u>, 904 F.2d 192, 194 (3d Cir. 1990).  "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 514 (2002) (quoting <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984)); <u>see also</u> <u>Alston v. Parker</u>, 363 F.3d 229, 233 n.6 (3d Cir. 2004).

<u>**DISCUSSION**</u>

Federal courts are courts of limited jurisdiction.  <u>See</u> <u>Mansfield, C. & L. M. Ry. Co. v. Swan</u>, 111 U.S. 379, 383 (1884). "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." <u>Bender v. Williamsport Area School Dist.</u>, 475 U.S. 534, 541 (1986).  A district court may exercise jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority." U.S. Const. art. III., § 2; <u>see also</u> 28 U.S.C. § 1331.

Section 1983 of Title 42 of the United States Code authorizes a person such as Plaintiff to seek redress for a violation of his federal civil rights by a person who was acting under color of state law.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements:  (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).

In the case at bar, the Court construes Plaintiff's Complaint as potentially  raising a Fourth Amendment seizure claim under § 1983.  The Fourth Amendment provides:  "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or

affirmation, and particularly describing the place to be searched, and the persons or things to be seized."  U.S. Const. amend IV.

A seizure occurs "when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen." Terry v. Ohio, 392 U.S. 1, 19, n.16 (1968).  "[S]earches and seizures inside a home without a warrant are presumptively unreasonable." Brigham City, Utah v. Stuart, 126 S. Ct. 1943, 1947 (2006) (citations and internal quotation marks omitted).  In the absence of exigent circumstances, the "firm line at the entrance to the house . . . may not reasonably be crossed without a warrant," even if the police have probable cause that the person committed a crime.  Payton v. New York, 445 U.S. 573, 590 (1980); see also Brigham City, 126 S. Ct. at 1947; Dirk v. Louisiana, 536 U.S. 635, 637 (2002).

"The Fourth Amendment requires that arrest warrants be based 'upon probable cause, supported by Oath or affirmation' . . . . [I]n compliance with constitutional command . . . an arrest warrant [must] be supported by either an affidavit or sworn testimony establishing the grounds for issuing the warrant." Kalina v. Fletcher, 522 U.S. 118, 130 (1997); see also Wilson v. Layne, 526 U.S. 603, 611 (1999) ("[A]n arrest warrant founded on probable cause implicitly carries with it the limited authority to enter a dwelling in which the suspect lives when there is reason to believe the suspect is within") (quoting Payton, 445 U.S. at 603).

5

In this case, Plaintiff alleges *no facts* showing a violation of the Fourth Amendment.  Rather, Plaintiff offers only multiple repeats of his own legal conclusion that "the defendant falsely accused [Plaintiff] and falsely arrested [Plaintiff]."  See Compl. ¶¶ 5(b), (d), (e) and 8.  However, Plaintiff's Complaint must provide Defendants with notice about the facts alleged by Plaintiff, not notify Defendants about Plaintiff's legal conclusions.  See Fed. R. Civ. P. 8.  This Court will accordingly dismiss the Complaint.

However, the facts alleged in the Complaint do not foreclose the possibility that there was no probable cause to support Plaintiff's arrest.  If that is the case, then Plaintiff may be able to state a cognizable Fourth Amendment claim by filing an amended complaint.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 110-111 (3d Cir. 2002) (unless amendment would be futile, district court may not dismiss complaint without permitting amendment).  The dismissal of the Complaint will therefore be without prejudice to the filing of an amended complaint.  If Plaintiff files an amended complaint within 45 days of the date of the entry of the Order accompanying this Opinion, then this Court will enter an order directing the Clerk to reopen the file.[1]

---

[1]

This Court notes that one of the named Defendants in the original Complaint is the Deptford Police Department.  Plaintiff should be aware that a police department is not a "person" subject to suit under § 1983, and that a local government entity, such as

(continued...)

## CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's application to proceed in forma pauperis and dismisses the Complaint without prejudice to the filing of an amended complaint.


S/Robert B. Kugler

**ROBERT B. KUGLER, U.S.D.J.**


Dated:    May 15, 2007


---

[1](...continued)
the municipality of Deptford, "cannot be held liable solely because it employs a tortfeasor." Monell v. New York City Dept. of Social Services, 436 U.S. 658, 691 (1978).  "[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts and acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. at 694.  If Plaintiff files an amended complaint, he may elect to name as defendants only those individuals who were allegedly involved in the wrongdoing. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior").